# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMBER P,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF**<br><br>Case No. 2:18-cv-00528-CMR<br><br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, Amber P (Ms. P or Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner or Defendant) denying her claims for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). Plaintiff seeks a closed period of disability from November 12, 2014 to June 30, 2016, when she returned to work or substantial gainful activity (Tr. 15).[1] After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on July 26, 2019, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED

**I.    Background**

Plaintiff alleges disability during the closed period of time due to spinal impairments, migraines, organic mental disorder and major depressive disorder (Tr. 34). A hearing was held before an administrative law judge (ALJ) on March 15, 2017, and the ALJ denied Ms. P's claim

---

[1] Tr refers to the transcript of the administrative proceedings in this case.

on May 9, 2017.  The appeals council denied her request for review on April 30, 2018 and this appeal followed.

In deciding Ms. P's case, the ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 55-75).  *See generally* 20 C.F.R. § 404.1520(a)(4).  At step two of the required five-step sequential evaluation process, the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease and a major depressive disorder (Tr. 17).  The ALJ rejected Plaintiff's alleged impairment of migraine headaches.  Next, the ALJ found Ms. P's impairments or combination of impairments did not medically equal or meet a listed impairment.  Specifically, the ALJ considered listing 1.04 disorders of the spine, and Plaintiff's mental impairments under listing 12.04.  The ALJ found that Ms. P had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 416.967(b) with certain limitations.  These included *inter alia*, Ms. P "[c]an lift up to 20 pounds occasionally and 10 pounds frequently", "[c]an sit up to six hours and can stand and/or walk up to six hours total in an eight-hour workday", and she could "perform only simple work task, [and] make only simple work-related decisions … in a routine work setting." (Tr. 19).  At step four, the ALJ found Plaintiff could not perform her past relevant work as a receptionist.  And, at step five, the ALJ found Ms. P could perform other jobs in the national economy such as cleaner/housekeeper, ticket taker and cashier II (Tr. 24).  Therefore, she was not disabled and not entitled to SSI benefits.

## II.     Legal Standard

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'"

*v. Berryhill*, 139 S.Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S.Ct. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S.Ct. at 1157.

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether the decision of the Commissioner is supported by substantial evidence in the record as a whole. *Cowan v. Astrue*, 552 F.3d 1182, 1184-85 (10th Cir. 2008). It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). The court's role is not to reweigh the evidence or substitute its judgment for that of the Commissioner. *Cowan*, 552 F.3d at 1185. Rather, the court must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

### III. Discussion

Ms. P raises two primary arguments on appeal asserting the ALJ erred. Before turning to these specific arguments the Court considers the medical evidence in the record and the ALJ's findings in reference to that evidence.

The Court finds that substantial evidence exists in the record to support the ALJ's decision. As to Ms. P's physical limitations due to back pain, the record supported the ALJ's finding that she was able to perform light work. In November 2014, the same month as her application, an examination showed Ms. P had normal spinal motion and walked with a normal

3

gait (Tr. 420). State agency physicians Drs. Taggart and McKay opined that Ms. P could perform light work (Tr. 76-77, 94-95). Medical records demonstrate that, subsequent to her November 2014 application, Ms. P did not complain of increased back pain until March 2015 (Tr. 484). Even at that time, showing some loss of range of motion and a positive straight leg raise test, Plaintiff retained full strength throughout and had no problems with ambulation or rising from a seated position (Tr. 485). An MRI at the time showed a mild protrusion and mild stenosis (Tr. 502). While Plaintiff's back pain increased, she had a successful surgery that resolved the issue in September 2015 (Tr. 550-53). Within one month after surgery, Ms. P reported significant improvement and had full strength in her lower extremities and a stable gait (Tr. 575). Ms. P testified that the surgery resolved her back pain and she was able to return to work. The only reason she did not work until June 2016 was that she had been applying but had not obtained a job until that time (Tr. 44-45).

 Substantial evidence also supported the ALJ's decision as to mental limitations. While Ms. P was treated for depression, the records supported the ALJ's finding that she could still perform simple work. A neuropsychological assessment with Dr. Caine showed that Plaintiff had a low-average to average IQ and was more of a hands on learner, suggesting her career choices should include that consideration (Tr. 520). Dr. Cain's evaluation was consistent with a limitation to simple work. At a visit with Dr. Zimmerman in January 2015, Plaintiff was oriented with normal attention, concentration, fluency, memory, knowledge base, and affect (Tr. 491). The agency investigated further and sent Ms. P for a psychological consultation with Dr. Hardy in February 2015 (Tr. 449-53). On examination, Ms. P was casually dressed with "excellent" grooming and hygiene (Tr. 450). Her short-term memory was adequate and her long-term memory was good (Tr. 450). Plaintiff reported that she did some chores, could cook

4

and follow a simple recipe, and could shop independently (Tr. 452). Dr. Hardy noted that Plaintiff presented with mood dysphoria and anxiety that was directly attributable to her marital situation, but that Plaintiff showed adequate attention and concentration (Tr. 452). Plaintiff admitted that her challenges were primarily due to her separation and possible divorce with her husband (Tr. 451). State agency psychologists Drs. Gill and Kjolby opined that there was no evidence of a sustained 12-month period that indicated an inability to work for psychological reasons (Tr. 73, 92). Physician's assistant Mathis noted in March 2015 that Plaintiff's affect was pleasant with a full range of emotion (Tr. 485). She had no difficulty with concentration or memory (Tr. 485). Her thought processes were coherent and appropriate (Tr. 485). Her judgment, insight, speech, memory, and orientation were all normal (Tr. 485). Medical expert Dr. Farnsworth reviewed Plaintiff's medical records and testified at the hearing that, in her opinion, Plaintiff would be able to perform simple work (Tr. 57-58).

With this backdrop the Court now turns to Plaintiff's specific arguments of error. Ms. P. argues the ALJ erred in failing to address the supportive opinion of Dr. David Ericksen and failed to assign proper weight to the other treating and examining source opinions. Second, Ms. P. asserts, the ALJ erred in finding Plaintiff's allegations concerning her impairments were not consistent with the record.

### A. The ALJ did not err in failing to consider Dr. David G. Erickson's opinion

Plaintiff argues that the ALJ erred when he did not discuss David G. Ericksen, Ph.D.'s June 2013 opinion regarding vocational rehabilitation. In contrast, Defendant asserts the opinion did not need to be discussed, and if it did, any error was harmless. The Court finds that while the ALJ did not specifically assess Dr. Erickson's opinion, the ALJ did indirectly consider it because the state agency medical consultants considered it as part of their opinions, and the ALJ

5

specifically considered the state agency medical consultant opinions in rendering a decision. Further, even if it was error to not specifically consider Dr. Ericksen's opinion, the Court agrees with Defendant that the failure to do so in this case amounted to harmless error.

The Tenth Circuit has recognized the doctrine of harmless error in the social security context. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10ht Cir. 2004); *St. Anthony Hosp. v. United States Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir.2002). In applying this doctrine there are some cautions. "First, if too liberally embraced, it could obscure the important institutional boundary preserved by *Drapeau's* admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts." *Allen*, 357 F.3d at 1145. Second, to the degree a harmless error determination rests on matters not considered by the ALJ, whether they be legal or factual, "it risks the general rule against post hoc justification of administrate action recognized in *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454 (1943) and its progeny." *Id.* Notwithstanding these cautions, it may still be appropriate to apply the harmless error doctrine in a circumstance where, based on the material the ALJ did consider, the Court could "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.*

Looking at the record as a whole, the lack of an express discussion of Dr. Erickson's opinion does not warrant remand. While Plaintiff had a low IQ score, Dr. Erickson noted that her scores were not suggestive of a learning disability (Tr. 461). He stated that she would do better learning skills "having to do more with visual-spatial and manual tasks…" (Tr. 462). This opinion is similar to Dr. Caine's opinion in the record. The ALJ found Plaintiff could perform simple work. Dr. Erickson's evaluation supports that finding even though Dr. Erickson stated that it would be difficult for Plaintiff to start a new job with her depression because this does not

6

equate to any particular functional limitations that would conflict with the ALJ's decision. Thus, Dr. Erickson's evaluation would not alter the outcome of this case and, thus, remand to evaluate the opinion is not warranted. *See [Keyes-Zachary v. Astrue](), 695 F.3d 1156, 1163 (10th Cir. 2012)* (ALJ's failure to assign a specific weight to a consulting examiner's opinion was harmless where the opinion was generally consistent with the ALJ's residual functional capacity findings).

In addition, the ALJ effectively evaluated the opinion, as she gave significant weight to the state agency psychologists who did evaluate the opinion (Tr. 22). Drs. Gill and Kjolby the state agency physicians, concluded that Dr. Ericksen's opinion deserved little weight as it relied on an assessment of Plaintiff's depression, for which Dr. Ericksen had not treated or examined Plaintiff, and was an overestimate of the severity of Plaintiff's restrictions, and based only on a snapshot of Plaintiff's functioning (Tr. 79, 97). This was a reasonable assessment. *See [Lately v. Colvin](), No. 560 F. App'x 751, 754 (10th Cir. 2014)* (unpublished) (finding that the error in failing to discuss and explicitly weigh an examining physician's opinion was harmless: "we can tell from the ALJ's rejection of [the treating physician's] nearly identical opinion that the ALJ gave no weight to [the examining physician's] opinion.").

In contrast to *[Clifton v. Chater](), 79 F.3d 1007 (10ht Cir. 1996)*, where the Tenth Circuit first established that an ALJ must sufficiently explain the reasons for their rulings, the ALJ here did not rely on bare conclusions, but looked to the record as a whole, which contained substantial evidence supporting the decision. Dr. Caine's evaluation was consistent with simple work (Tr. 520-21). Dr. Hardy's consultative examination and medical opinion also supported a conclusion that Plaintiff could perform simple work (Tr. 451-52). Plaintiff had a normal mental status examination with her treating physician Dr. Zimmerman in June, August, and November 2014, and January 2015 (Tr. 412, 414, 416, 491). Physician's assistant Mathis noted another normal

mental status examination in March 2015 (Tr. 485). And medical expert Dr. Farnsworth reviewed all the medical evidence and opined that Plaintiff could perform simple work. Thus, substantial evidence supports the ALJ's finding that Plaintiff could perform simple work. Remanding for consideration of Dr. Ericksen's opinion would go counter to the Tenth Circuit's construction of *Clifton v. Chater*, which discourages unwarranted remands that needlessly prolong administrative proceedings where the ALJ's decision as a whole provides for meaningful judicial review. *See Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) (court should not reverse for error that, "based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings") (quotation and citation omitted).

## B. The ALJ did not err in discounting Plaintiff's subjective complaints

Plaintiff next asserts that the ALJ improperly evaluated her credibility (Pl. Br. 17-23). "'Credibility determinations are peculiarly the province of the finder of fact, and [a court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). Here, the Court finds that the ALJ gave several good reasons, supported by substantial evidence, for finding Plaintiff's complaints not fully believable. *See* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *2; *see also Kepler*, 68 F.3d at 391. Thus, the Court rejects Plaintiff's challenge to the ALJ's findings as to Plaintiff's subjective complaints.

Plaintiff claimed she could lift only 10 pounds, sit or stand for 30 minutes, and walk for only five minutes (Tr. 45-46). However, the ALJ found that the medical evidence relating to her abilities during the relevant time period did not support such limitations (Tr. 21). *See* 20 C.F.R.

8

§ 416.929(c)(4) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the rest of the evidence). As the ALJ noted, the evidence suggested that Plaintiff did not experience any significant issues with her back pain until March 2015, some four months after her application (Tr. 21). Plaintiff argues that it was a misstatement of fact for the ALJ to find "Plaintiff's spinal impairment caused no functional limitations until March 2015," citing to examination findings in 2011 and 2013 that showed some decreased range of motion. Notably, the ALJ did not state there were "no functional limitations," rather she stated that Plaintiff's back pain "was not documented to cause any *significant* functional limitation until March 2015" (Tr. 21). And the ALJ's statement that significant functional limitations did not occur until March 2015 conveys they did not occur in the relevant time period, from November 2014 to March 2015. Indeed, from November 2014, the relevant date of application, to March 2015, Plaintiff made no complaints of debilitating back pain. Dr. Zimmerman noted Plaintiff had a normal gait and station, and had full strength, in June and November of 2014 (Tr. 412-13, 418-20). Dr. Zimmerman also noted normal strength and reflexes, and a normal gait, in January 2015 (Tr. 491). It was not until March 2015 that Plaintiff complained of "increased" back pain, rating it as a four out of 10 (with 10 being the worst pain) (Tr. 482). And even with some loss of range of motion and positive straight leg raise tests, Plaintiff retained full strength and ambulated without difficulty (Tr. 485). Therefore, the ALJ's assessment of Plaintiff's subjective complaints was supported by substantial evidence. *See Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (in assessing credibility, an ALJ may consider "the consistency or compatibility of nonmedical testimony with objective medical evidence").

9

**CONCLUSION AND ORDER**

When viewed in its entirety, the Court concludes the Commissioner's decision is supported by substantial evidence in the record and is free of harmful legal error. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED. The Clerk of the Court is instructed to close this case.

DATED this 2 August 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah